# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NORTH AMERICAN MEDICAL CORPORATION, | ) )  ) |
| Plaintiff, | ) ) ) Civil Action |
| v. | ) File No.: 1:06-CV-1678 JTC ) |
| AXIOM WORLDWIDE, INC., *et al.*, | ) ) |
| Defendants. | ) |

## AXIOM WORLDWIDE, INC.'S AND AXIOM WORLDWIDE, LLC'S OBJECTIONS TO PLAINTIFF NORTH AMERICAN MEDICAL CORPORATION'S NOTICE OF RULE 30(b)(6) DEPOSITION OF AXIOM WORLDWIDE, INC. AND AXIOM WORLDWIDE, LLC

Defendants Axiom Worldwide, Inc. and Axiom Worldwide, LLC ("Axiom") serve their Objections to Plaintiff North American Medical Corporation's ("NAM") Notice of Rule 30(b)(6) Deposition of Axiom Worldwide, Inc. and Axiom Worldwide, LLC.  Axiom's objections to the deposition topics identified in NAM's Notice of Rule 30(b)(6) Deposition are as follows:

Objection to Topic No. 2:

Axiom objects to this topic on the grounds that the request is vague and overbroad. Moreover, topic is unlimited in time and scope and is overbroad. Subject to the foregoing objections and without waiving the same, Axiom will make a witness available to address this topic.

Objection to Topic No. 3:

Axiom objects to topic number 3 as the topic is vague, overbroad and irrelevant. Axiom did not draft NAM's First Amended Complaint and cannot speak to those allegations. To the extent that topic 3 is intended to encompass all subject matter included in 230 paragraphs of the amended complaint, such a designation is overbroad and unduly burdensome. The First Amended Complaint involves various issues and diverse parties some of which are not associated with Axiom whatsoever. Axiom objects to NAM's designation of all of its allegations in its complaint as improper. Subject to these objections and without the same, Axiom will produce a witness to testify as to those matters which concern Axiom directly related to Plaintiff's claim for damages against Axiom.

Objection to Topic 5:

Axiom objects to topic number 5 as the topic is vague and overbroad. Subject to this objection and without the same, Axiom will produce a witness to testify generally as to how its electronic information is stored.

Objection to Topic 8:

Axiom objects to topic number 8 as the topic is overbroad and unduly burdensome. The topic is unlimited in time and scope. In addition, the topic seeks to invade Axiom's attorney-client and work product privileges. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to any discussions concerning NAM that relate to competition between Axiom and NAM, unrelated to any past or current litigation.

Objection to Topic 9:

Axiom objects to topic number 9 as the topic is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. There are no claims pending which concern trademarks or service marks "of others in any manner" other than those which are owned by NAM. Subject to these

objections and without the same, Axiom will produce a witness to testify as to the use, if any, of NAM's trademarks and service marks.

Objection to Topic 10:

Axiom objects to topic number 10 as the topic is vague and overbroad. The topic is unlimited in time and scope. Moreover, the topic is not reasonably calculated to lead to the discovery of admissible evidence and appears to seek information related to products which are not the subject of this lawsuit. In addition, the topic refers to an unidentified "document" and is unintelligible. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to the creation and development of its spinal decompression devices

Objection to Topic 11:

Axiom objects to topic number 11 as the topic is vague and overbroad. Subject to this objection and without the same, Axiom will produce a witness to testify generally as to promotion and marketing of its DRX 9000.

Objection to Topic 12:

    Axiom objects to topic number 12 as the topic is vague and overbroad. The topic is unlimited in time and scope. Moreover, the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and without the same, Axiom will produce a witness to testify generally as to any action by a government or regulatory entity which concerns marketing claims which are similar to those raised by NAM's First Amended Complaint to the extent relevant to these proceedings.

Objection to Topic 13:

    Axiom objects to topic number 13 as the topic is vague and overbroad. The topic is unlimited in time and scope. Moreover, the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and without the same, Axiom will produce a witness to testify generally as to any regulatory or administrative proceedings in which Axiom has been a party which concerns marketing claims which are similar to those raised by NAM's First Amended Complaint to the extent relevant to these proceedings.

Objection to Topic 15:

Axiom objects to topic number 15 as the topic is vague and overbroad. Subject to this objection and without the same, Axiom will produce a witness to testify generally as to the FDA status of Axiom's decompression products.

Objection to Topic 18:

Axiom objects to topic number 18 as the topic is vague and overbroad. Moreover, the topic seeks to invade attorney-client and work product privileges. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to knowledge of patented components utilized within Axiom's DRX 9000.

Objection to Topic 21:

Axiom objects to topic number 21 as the topic is vague and overbroad. The topic is unlimited in scope and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to communications with the FDA which pertain to the FDA status of Axiom's decompression products.

Objection to Topic 25:

Axiom objects to topic number 25 as the topic is vague and overbroad. The topic is unlimited in time and scope. It is unclear if the topic covers specifications or other technical data related to Axiom's components or marketing or promotional claims. Moreover, there are many component parts contained within the DRX 9000 and it is unclear what components, other than the motor, may be addressed during the deposition. Subject to these objections and without the same, Axiom will produce a witness to testify as to the technical aspects of the motor and purpose within the DRX 9000 which may have been described to prospective customers.

Objection to Topic 26:

Axiom objects to topic number 26 as the topic is vague and overbroad. The topic is unlimited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to communications with current and former employees and representatives related to marketing Axiom's decompression products.

Objection to Topic 27:

     Axiom objects to topic number 27 as the topic is vague and overbroad. The topic is unlimited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. It is unreasonable to require Axiom to designate a witness to testify as to unidentified documents which relate to NAM or any NAM employee regarding any topic. Subject to these objections and without the same, Axiom will produce a witness to testify as to specific documents offered during the 30(b)(6) deposition to the extent those documents have been reviewed by a representative of Axiom.

Objection to Topic 28:

     Axiom objects to topic number 28 as the topic is vague and overbroad. The topic is unlimited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the topic seeks to invade attorney-client and work product privileges. Furthermore, it is unreasonable to require Axiom to designate a witness to testify as to unidentified documents which may or may not have been produced regarding unidentified topics. Subject to these objections and without the same, Axiom will produce a witness to testify as to specific documents offered during the 30(b)(6) deposition to the

extent those documents have been reviewed by a representative of Axiom and/or the representative knows whether a specific document was not produced including a non-privileged reason therefore.

Objection to Topic No. 30:

Axiom objects to topic number 30 as the topic is vague, overbroad and unduly burdensome. Topic 30 encompasses all subject matter included in 230 paragraphs of the amended complaint including exhibits, such a designation is overbroad and unduly burdensome. The defenses raised to NAM's First Amended Complaint involve various factual issues and legal analysis. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to those factual matters which concern Axiom's defenses related to Plaintiff's claims against Axiom.

Objection to Topic 31:

Axiom objects to topic number 31 as the topic is overbroad. The topic is unlimited in time and scope. It is unreasonable to require Axiom to designate a witness to testify as to potential statements made by unidentified representatives to unidentified potential customers. Subject to these objections and without the

same, Axiom will produce a witness to testify as to specific statements identified by NAM which were actually made by Axiom representatives to the extent that Axiom's principals are aware that such statements have been made.

Objection to Topic No. 32:

Axiom objects to topic number 32 as the topic is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the topic is unlimited in time and scope. Axiom cannot be required to designate a witness that knows of all litigation concerning all defendants named in NAM's First Amended Complaint regardless of the time frame or subject matter involved. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to those litigation matters which concern Axiom directly where Axiom is aware that a defendant has testified to the extent such litigation is relevant to Plaintiff's claims in this case.

Objection to Topic No. 33:

Axiom objects to topic number 33 as the topic is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the topic is unlimited in time and scope. Axiom cannot be required

to designate a witness that knows details of all litigation concerning Axiom regardless of the time frame or subject matter involved. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to those litigation matters which concern Axiom directly where Axiom is aware that a defendant has testified to the extent such litigation is relevant to Plaintiff's claims in this case.

Objection to Topic 34:

Axiom objects to topic number 34 as the topic is vague and overbroad. The topic is unlimited in time and scope. It is impossible for Axiom to designate a witness to cover this topic without knowing if the "complaints" in question deal with technical or mechanical issues, reimbursement issues, advertising issues, efficacy issues, or a number of other potential issues which resulted in a customer expressing dissatisfaction with the DRX 9000. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to mechanical and technical issues which may have resulted in a complaint by customers.

Objection to Topic 36:

Axiom objects to topic number 36 as the topic is vague and overbroad. The topic is unlimited in time and scope. Moreover, the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to any investigation Axiom is aware of by a state or federal agency which concerns marketing claims which are similar to those raised by NAM's First Amended Complaint to the extent relevant to these proceedings.

Objection to Topic 37:

Axiom objects to topic number 37 as the topic is vague and overbroad. The topic is unlimited in time and scope. Moreover, the topic is not reasonably calculated to lead to the discovery of admissible evidence. Axiom objects to the extent that the topic requires Axiom to designate a witness to know specifically each payment made to its employees or payments made to other defendants wholly unrelated to the issues in this litigation. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to salaries and/or other compensation paid which is directly related to Axiom's business or Plaintiff's allegations in this case to the extent relevant.

Objection to Topic 39:

      Axiom objects to topic number 39 as the topic is vague and overbroad. The topic is unlimited in time and scope. Moreover, the topic is not reasonably calculated to lead to the discovery of admissible evidence. Axiom objects to the extent that the topic requires Axiom to designate a witness to know specifically the employment history of the defendants and witnesses identified in this topic. NAM has scheduled depositions for each of these witnesses and/or has spoken to the witnesses and has employment records pertaining to Mr. Westfall and Mr. Randel. Subject to these objections and without the same, Axiom will produce a witness to testify generally as to employment history to the extent that Axiom's principals can recall specific prior employment of those persons identified.

Objection to Topic 42:

      Axiom objects to topic number 42 as the topic is vague and overbroad. The topic is unlimited in time and scope. Moreover, the topic is not reasonably calculated to lead to the discovery of admissible evidence. Axiom objects to the extent that the topic requires Axiom to designate a witness to know specifically discussions which may have taken place at each and every meeting with NAM's former employees since 2003 regardless of the subject matter. Subject to these

objections and without the same, Axiom will produce a witness to testify generally as to discussions with NAM's former employees which relate to NAM's claims in this litigation.

Objection to Topic 43:

Axiom objects to topic number 43 as the topic is vague, overbroad and unduly burdensome as it would require Axiom's representative to testify, in detail, with respect to every sales and financial document produced in this litigation.  Those sales and financial documents have not been identified and it is unclear what NAM is referring to as customer lists, accountant audits and other financial documents have been produced in this case.  Subject to these objections and without waiving the same, Axiom will designate a witness to generally respond to any sales and financial documents produced by Axiom which NAM wishes to use to question Axiom during the deposition.

/s/ **Victor L. Moldovan**
Georgia Bar No. 515468

MCGUIREWOODS LLP
Suite 2100
1170 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: 404-443-5500
Telecopier: 404-443-5599
vmoldovan@mcguirewoods.com

## CERTIFICATE OF SERVICE AND FONT

The undersigned certifies that this discovery was prepared in Times New Roman 14 point font as provided in LR 5.1(B).

The undersigned also certifies that Axiom's Notice of Deposition was served via electronic mail and by U.S. Mail upon all counsel of record, as follow:

Andrew B. Flake, Esq.
Jonathan Tucker Barr, Esq.
Stephen M. Dorvee, Esq.
Devin H. Gordon, Esq.
Arnall, Golden & Gregory
Suite 2100, 171 17th Street, NW
Atlanta, GA 30362-1031

Ainsworth G. Dudley, Esq. (via U.S. Mail)
([dudleylaw@imnisp.com](mailto:dudleylaw@imnisp.com))
4200 Northside Parkway Bldg. One, Suite 200
Atlanta, GA 30327

Yonette Marlyn Sam-Buchanan, Esq.
Joshua D. Jewkes, Esq.
Ashe Rafuse & Hill, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309

Adam Schwartz, Esq.
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
221 West Boy Scout Blvd., Suite 1000
Tampa, Florida 33607-5780

Joseph F. Hession, Esq.
CARLTON FIELDS, P.A.
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309

This 18th day of March, 2009.

**/s/ Victor L. Moldovan**
Georgia Bar No. 515468

MCGUIREWOODS LLP
Suite 2100
1170 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: 404-443-5500
Telecopier: 404-443-5599
vmoldovan@mcguirewoods.com