IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORTH AMERICAN MEDICAL CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>AXIOM WORLDWIDE, INC., et al.,<br><br>    Defendants. | CIVIL CASE NO.<br>1:06-CV-1678-JTC |

# O R D E R

Pending before the Court is Plaintiff's Motion for Protective Order [# 573] and Defendants' Motion to Compel Richard O'Donnell's Deposition [# 587]. Defendants served Plaintiff's in-house General Counsel, Richard O'Donnell, with a subpoena to appear for a deposition. Prior to the scheduled deposition, Plaintiff filed a motion for a protective order seeking to prohibit the deposition of O'Donnell. Subsequently, Defendants moved to compel O'Donnell's deposition. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Protective Order [# 573] and **DENIES** Defendants' Motion to Compel Richard O'Donnell's Deposition [# 587].

I.   Analysis

1

The deposition-discovery regime set out by the Federal Rules is a permissive one. Rule 26(b)(1) provides that parties my obtain discovery, including oral depositions, "regarding any nonprivileged matter that is relevant to any party's claim or defense." The relevant information need not be admissible at trial, provided discovery is "reasonably calculated to lead to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Federal Rules do not place an initial burden on a party to justify a deposition. See Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person . . .") A district court, however, can limit the "frequency or extent of discovery" when the discovery sought is unreasonably cumulative or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C)(I). In addition, for "good cause" the district court can issue a protective order limiting the scope of discovery, including a deposition. Fed. R. Civ. P. 26(c)(1). Accordingly, a district court may prohibit a deposition where the facts and circumstances are such that the deposition would create an inappropriate burden or hardship on the deponent or the party opposing the deposition.

The Federal Rules also apply in determining whether the deposition of opposing counsel is appropriate. See generally In re Friedman, 350 F.3d 65, 72 (2nd Cir. 2003); Fed. R. Civ. P. 30(a)(1). Courts, however, have noted that

the opportunity to take the deposition of opposing counsel may invite abuse and have limited the situations where a party may depose an opposing party's counsel.  See Shelton v. Am. Mot. Corp., 805 F.2d 1323 (8th Cir. 1986).  For example, in Shelton the Eighth Circuit held that prior to deposing opposing trial counsel, the party seeking the deposition must show that: (1) no other means exists to obtain the deposition; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case.  Shelton, 805 F.2d at 1327; see also Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 730 (8th Cir. 2002).

Here, Defendants seek to depose O'Donnell, Plaintiff's in-house General Counsel.  As General Counsel, O'Donnell is directly responsible for managing Plaintiff's litigation and has worked closely with Plaintiff's outside counsel over the last three years in preparing and prosecuting this case.  (O'Donnell Decl. ¶¶ 2-3, Mar. 10, 2009.)  Although Plaintiff acknowledges that O'Donnell has knowledge of the facts and circumstances related to this case, Plaintiff contends that he acquired these facts as a result of his participation in preparing and prosecution this case.  (Id. ¶ 4.)

Upon a review of the record, and taking into account the prior history of this litigation, allowing the deposition of O'Donnell would create an inappropriate burden or hardship on Plaintiff.  Unless O'Donnell has waived

the relevant privilege, much of the information sought by Defendants will be subject to the attorney client privilege or work product doctrine.  Moreover, the parties in this case have engaged in exhaustive discovery, including the deposition of three 30(b)(6) witnesses designated by Plaintiff who could provide Defendants with the same information sought from O'Donnell.  These witnesses are a more convenient and less burdensome source of the information Defendants seek to garner from deposing O'Donnell because their depositions do not carry the same risk of encroaching on attorney work product and other privileged information.  Accordingly, for good cause shown, the Court **GRANTS** Plaintiff's Motion for Protective Order [# 573] and **DENIES** Defendants' Motion to Compel Richard O'Donnell's Deposition [# 587].  However, if Plaintiff lists O'Donnell as a witness in the pretrial order or otherwise indicates that O'Donnell will be a witness at trial, the Court will reconsider ordering the deposition of O'Donnell.

## II.    Conclusion

The Court **GRANTS** Plaintiff's Motion for Protective Order [# 573] and **DENIES** Defendants' Motion to Compel Richard O'Donnell's Deposition [# 587].

**SO ORDERED**, this   8th   day of April, 2009.

```
                              _____
                              JACK T. CAMP
                              UNITED STATES DISTRICT JUDGE
```