IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN MEDICAL CORPORATION, | : : : | |
| Plaintiff, | : : | Civil Action File No. 1:06-cv-01678-JEC |
| vs. | : : | |
| AXIOM WORLDWIDE, INC., *et al.*, | : : : | |
| Defendants. | : | |

**PLAINTIFF'S REQUEST FOR AN EXPEDITED HEARING
AND RULING ON ITS MOTION TO CANCEL
<u>CLAIM OF ATTORNEY'S LIEN</u>**

COMES NOW Plaintiff North American Medical Corporation ("NAM") and files this, its Request For An Expedited Hearing and Ruling on Its Motion To Cancel Claim of Attorney's Lien, and respectfully shows this Court as follows:

As set forth in NAM's Motion to Cancel Claim of Attorney's Lien (the "Motion"), filed contemporaneously herewith, the Notice of Filing of Attorney's Lien, [879], and related Claim of Attorney's Lien on Settlement Proceeds (the "Attorney's Lien") is without merit, as it is undisputed that attorney Richard K. O'Donnell, the lien claimant, never entered an appearance in this case on NAM's behalf, and therefore does not have a valid claim of lien against the settlement proceeds payable to NAM in this case.

Mr. O'Donnell is using the nominal existence of the Claim of Lien to justify his actual and threatened disclosure of NAM's confidential and other privileged information. Mr. O'Donnell has already disclosed confidential and other privileged communications in the Attorney's Lien itself by referencing alleged communications between NAM and himself. Similarly, Mr. O'Donnell is using the Attorney's Lien as justification for his ongoing communications with third parties, including Defendants' counsel, in apparent violation of Rule 1.6 of the Georgia Rules of Professional Conduct, which provides that "a lawyer must make every effort practicable to avoid unnecessary disclosure of information related to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders or make other arrangements minimizing the risk of disclosure." This includes, according to the State Bar of Georgia's Formal Advisory Opinion ("FAO") 07-1, "not reporting the [alleged] failure of a client to pay the lawyer's bill to third parties, . . ., in an effort to collect a fee."

Further, the mere presence of the Claim of Lien is adversely affecting NAM and the prompt resolution of a substantial portion of this case.

Accordingly, the sooner that the Court addresses the Motion and the Claim of Lien, the sooner that NAM believes its confidential and other privileged information may be secured.

WHEREFORE, NAM respectfully requests that the Court schedule a hearing on the Motion and the validity of the Claim of Lien at its earliest opportunity. Alternatively, to the extent that the Court does not believe that a hearing on the Motion is necessary, NAM respectfully requests that the Court rule on the Motion at its earliest opportunity, and that this motion be GRANTED.

This, the 31st day of March, 2011.

                                            Respectfully submitted,

                                            CHAUSMER LAW LLC

                                            By:   s/ Aaron B. Chausmer
                                                   Aaron B. Chausmer
                                                   Georgia Bar No. 119998

5555 Glenridge Connector, Suite 200    COUNSEL FOR PLAINTIFF
Atlanta, Georgia 30342                      NORTH AMERICAN MEDICAL
(404) 856-3992                                    CORPORATION
(404) 478-8494 facsimile
aaron@chausmerlaw.com
Request for Expedited Hearing and Ruling

## CERTIFICATE OF COMPLIANCE AND SERVICE

This is to certify, pursuant to LR 7.1(D), NDGa., that the foregoing PLAINTIFF'S REQUEST FOR AN EXPEDITED HEARING AND RULING ON ITS MOTION TO CANCEL CLAIM OF ATTORNEY'S LIEN was prepared using Book Antigua 13 point font in accordance with Local Rule 5.1(C).

I also hereby certify that on March 31, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen M. Dorvee, Esq.
Andrew B. Flake, Esq.
J. Tucker Barr, Esq.
Devin H. Gordon, Esq.
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W.
Suite 2100
Atlanta, Georgia 30363

Edward T.M. Garland, Esq.
Donald F. Samuel, Esq.
Janice Singer-Capek, Esq.
Garland, Samuel & Loeb
3151 Maple Drive, N.E.
Atlanta, Georgia 30305

I also certify that I have mailed by the United States Postal Service the document and a copy of the Notice of Electronic Filing to the following parties:

Richard K. O'Donnell, Esq.
Law Office of Richard K. O'Donnell
555 Lakemont Court
Roswell, GA 30075
*Lien Claimant*

James Gibson
P. O. Box 270915
Tampa, FL 33688
*Defendant*

This, the 31st day of March, 2011.

By: s/ Aaron B. Chausmer
Aaron B. Chausmer
Georgia Bar No. 119998