IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NORTH AMERICAN MEDICAL
CORPORATION,

    Plaintiff,

v.

AXIOM WORLDWIDE, INC., et al.,

    Defendants.

CIVIL ACTION NO.
1:06-CV-1678-JEC

## ORDER & OPINION

This case is presently before the Court on defendant Gibson's Motion for Extension of Time [859], plaintiff's Motion for Sanctions Against Axiom [861], defendant Gibson's Motion to Seal and for Sanctions [868], plaintiff's Motion for Extension of Time [880], plaintiff's Motion to Cancel Attorney's Lien [882], plaintiff's Motion to Expedite Hearing and Ruling [883], attorney Richard O'Donnell's Motions to Intervene [885] and to Seal Declaration [892], and defendant Gibson's Motion to Disclose Settlement Documents [908].

The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant Gibson's Motion for Extension of Time [859] should be **DENIED as moot**, plaintiff's Motion for Sanctions Against Axiom [861] should

be **GRANTED**, defendant Gibson's Motion to Seal and for Sanctions [868] should be **DENIED**, plaintiff's Motion for Extension of Time [880] should be **GRANTED as unopposed**, plaintiff's Motion to Cancel Attorney's Lien [882] should be **DENIED**, plaintiff's Motion to Expedite Hearing and Ruling [883] should be **DENIED as moot**, attorney Richard O'Donnell's Motion to Intervene [885] should be **GRANTED** and Motion to Seal Declaration [892] should be **GRANTED**, and defendant Gibson's Motion to Disclose Settlement Documents [908] should be **DENIED**.

## BACKGROUND

The facts underlying this case have been discussed in several previous orders. (*See* Order [846].) Briefly, plaintiff and defendants Axiom Worldwide, Inc. and Axiom Worldwide, LLC (collectively "Axiom") were formerly in the business of manufacturing and marketing spinal decompression machines. (*Id.* at 2.) Plaintiff filed this action against Axiom and several of its principals and employees in 2006, asserting claims for trademark infringement and false advertising. (*Id.*) The case has been contentious and protracted, involving numerous motions and hearings, an interim appeal to the Eleventh Circuit, and a failed mediation. (*Id.* at 3-4.)

2

After approximately four years of litigation, Axiom and the remaining defendants stopped paying their legal bills in connection with the case. (Mot. for Permission to Withdraw as Counsel [849] at 2.) Apparently, Axiom was in financial distress and had stopped meeting all of its obligations at this time. (Order [846] at 17.) As the attorneys had no reasonable prospect of receiving payment for their services, the Court granted their motions to withdraw as counsel for the Axiom defendants. (Order [853] at 1.)

Prior to the Court's order granting the motion to withdraw, the individual defendants Nicholas and Kelley Exarhos retained new counsel. (Mot. to Withdraw [849] at 2.) However, at the time of the Court's order, neither Axiom nor defendant James Gibson had secured replacement counsel. (Order [853] at 1.) As a corporation is an artificial entity that must be represented by an attorney, the Court directed Axiom to have new counsel make an appearance within twenty days of the withdrawal order. (*Id.*) In addition, the Court directed defendant Gibson either to have new counsel make an appearance in the case or advise the Court of his intent to represent himself. (*Id.*)

In response to the Court's order, defendant Gibson notified the Court that he was proceeding *pro se* for the time being. (Def. Gibson's Mot. for Extension of Time [859].) As to Axiom, defendant Gibson requested an extension of time to retain replacement counsel.

3

(*Id.*)  According to Gibson, he needed the extra time to discuss the issue with the lawyers who were representing Axiom in other litigation.  (*Id.*)  Gibson did not indicate in his motion how much extra time he needed.  (*Id.*)  However, over eight months have passed since Gibson filed his motion, and Axiom still has not retained replacement counsel in this case.  Consequently, plaintiff has filed a motion for sanctions against Axiom, the proposed sanctions to include striking Axiom's answer.  (Pl.'s Mot. for Sanctions [861].)

After the above motions were filed, the parties engaged in a mediation of their claims before Magistrate Judge Scofield.  (Minute Entry [870].)  During the mediation, plaintiff reached a settlement with defendants Nicholas and Kelley Exarhos.  (*Id.*)  However, no settlement was reached with defendant Gibson.  (*Id.*)  As a result of the Exarhos settlement, defendant Gibson is the only remaining individual defendant in the case.

Gibson alleges that plaintiff's attorneys breached a confidentiality agreement in discussions leading up to the mediation.  (Def. Gibson's Mot. to Seal and for Sanctions [868].) He has thus filed a motion for sanctions and to seal certain disclosures made by him during the discussions.  (*Id*.)  In addition, defendant Gibson has filed a motion to disclose the settlement documents between plaintiff and the Exarhos defendants.  (Def. Gibson's Mot. to Disclose Settlement Documents [908].)  According

4

to Gibson, he needs to see the documents so that he can determine the effect of the settlement on his personal liability. (*Id.*)

Following plaintiff's settlement with the Exarhos defendants, plaintiff's attorney Richard O'Donnell filed a notice of an attorney's lien on $60,000 of the settlement proceeds. (Notice of Lien [879].) In the notice, O'Donnell claims that he is owed over $100,000 for services performed on behalf of plaintiff in the case. (*Id.* at 4.) Plaintiff has filed a motion to cancel the lien and a related motion for an expedited ruling on the issue. (Pl.'s Mot. to Cancel Attorney Lien [882] and Mot. for Expedited Hearing [883].) In response to plaintiff's motions, O'Donnell has filed a motion to intervene in the case to pursue his lien, and a motion to seal certain documents related to the lien. (O'Donnell's Mot. to Intervene [885] and Mot. to Seal [892].)

## DISCUSSION

### I. Motions for Extensions of Time

Pursuant to the Court's previous orders, the proposed scheduling order in this case was originally due on March 22, 2011. (Order [878].) Plaintiff filed a motion to extend this deadline for the short period of time necessary to finalize its settlement with the Exarhos defendants. (Pl.'s Mot. for Extension of Time [880].) Plaintiff's motion is unopposed, and the proposed scheduling order has now been submitted. (Notice of Filing Proposed Scheduling Order

5

[909].) Accordingly, the Court **GRANTS as unopposed** plaintiff's motion for an extension of time [880].

As mentioned above, defendant Gibson also filed a motion for an extension of time after the Court's withdrawal order. (Def. Gibson's Mot. for Extension of time [859].) In its order, the Court directed Axiom to have new counsel make an appearance within twenty days. (Order [853].) Gibson requested an extension of the twenty day deadline so that he could discuss the retention of replacement counsel with the attorneys who were representing Axiom in other litigation. (Def. Gibson's Mot. for Extension [859].)

The twenty day deadline for Axiom to obtain new counsel expired on January 6, 2011. (Order [853].) Gibson filed his motion for an extension of time on January 14, 2011. (Def. Gibson's Mot. for Extension [859].) In the eight months that have passed since Gibson filed his motion, Axiom has not indicated any intent to retain replacement counsel or otherwise to participate in the case. Accordingly, defendant Gibson's motion for an extension of time [859] is **DENIED as moot**.

## II. Plaintiff's Motion for Sanctions

At the expiration of the deadline for Axiom to secure replacement counsel, plaintiff filed a motion for sanctions against Axiom. (Pl.'s Mot. for Sanctions [861].) In its motion, plaintiff notes that Axiom has ignored the Court's directive to retain new

6

counsel and otherwise failed to respond to the withdrawal order. (*Id*.)  As a result of Axiom's failure to comply with the order, plaintiff requests that the Court: (1) strike Axiom's answers and counterclaims, and (2) enter a default against Axiom under Federal Rule 55(a).[1]  (*Id.* at 1-2.)

Axiom has not responded to plaintiff's motion.  Nor could Axiom respond, as it has failed to retain replacement counsel and cannot represent itself in the case.  The Court issued its withdrawal order over nine months ago.  (Order [853].)  Since that time, Axiom has not indicated any interest in continuing to defend itself in this action.  Accordingly, the sanctions requested by plaintiff are warranted under FED. R. CIV. P. 41(b)(dismissal for failure to prosecute) and Local Rule 41.3A(2), NDGa (dismissal for want of prosecution).  The Court thus **GRANTS** plaintiff's motion for sanctions [861].

In accordance with this ruling, **the clerk is directed to strike Axiom's answers and counterclaims in this action, and to enter default against Axiom** under Rule 55(a).  To the extent possible, plaintiff and Axiom (or its receiver or other authorized representative) should attempt to reach an agreement on the amount

---

[1] Plaintiff also seeks in its motion a preliminary injunction and an award of attorney's fees. (Pl.'s Mot. for Sanctions [861] at 2.)  The Court **DENIES** these requests, which are not supported by any authority or persuasive argument.

of damages that should be assessed.  If the parties are unable to reach an agreement, the Court will conduct a damages hearing pursuant to Rule 55(b)(2) and subsequently enter a default judgment against Axiom.  *See* FED. R. CIV. P. 55(b)(2).

**III. <u>Defendant Gibson's Motion to Seal and for Sanctions</u>**

Defendant Gibson's motion to seal and for sanctions is based on the alleged conduct of plaintiff's attorneys during settlement discussions that preceded the mediation before Magistrate Judge Scofield. (Pl.'s Mot. to Seal and for Sanctions [868].)  According to Gibson, he agreed to participate in settlement discussions with the attorneys on the condition that any information revealed during the discussions would not be shared with plaintiff's client, Carlos Becerra.[2]  (*Id.* at 2.)  Gibson claims that plaintiff's attorneys breached this confidentiality arrangement by sharing certain disclosures with Mr. Becerra, who then threatened to use the information against defendants Nick and Kelley Exarhos. (*Id.* at 2-4.)

There is no basis for granting Gibson's motion.  Gibson has not produced any evidence of a confidentiality agreement between himself and plaintiff's attorneys with respect to settlement discussions. Indeed, it is highly unlikely that the attorneys would have promised

---

[2] Mr. Becerra is the CEO of plaintiff North American Medical Corporation.  (Pl.'s Mot. to Seal and for Sanctions [868] at 2-3.)

to conceal from their own client information obtained from Gibson during a settlement discussion.  Moreover, the only protective order in the case permits all parties to see confidential information. (Pl.'s Resp. to Gibson's Mot. [869] at 4.)  Even assuming Gibson's allegations are true, plaintiff's attorneys did not breach the order by sharing information with their client.  Accordingly, Gibson's motion to seal and for sanctions [868] is **DENIED**.

### IV. Defendant Gibson's Motion to Disclose Settlement Documents

Defendant Gibson's motion to disclose documents and other related information concerning the Exarhos settlement is likewise baseless.  The information requested by Gibson is subject to a confidentiality clause that is central to the settlement agreement. (Pl.'s Resp. to Def. Gibson's Mot. to Disclose [910] at 2.)  Gibson does not present any compelling reason why the confidentiality agreement should be abrogated.  Neither does he coherently explain his need for, or right to, the information requested.

Moreover, the information requested by Gibson is presumptively inadmissible under Rule 408 of the Federal Rules of Evidence. FED. R. EVID. 408(a)(2)(providing for the exclusion of "conduct or statements made in compromise negotiations").  A party seeking discovery of such evidence generally must make a plausible showing that the discovery will likely generate admissible evidence.  *See Shipes v. BIC Corp.,* 154 F.R.D. 301, 309 (M.D. Ga. 1994)(applying

9

Rule 408) and *In re RDM Sports Grp., Inc.*, 277 B.R. 415, 434 (N.D. Ga. 2002)(adopting the "plausible showing" standard).  Gibson has failed to meet that requirement.  Accordingly, defendant Gibson's motion to disclose settlement documents [908] is **DENIED**.

**V.   Attorney Lien Motions**

Following the Exarhos settlement, attorney Richard O'Donnell submitted a notice of an attorney's lien as to $60,000 of the settlement proceeds.  (Notice of Filing Attorney's Lien [879].) Plaintiff has filed a motion to cancel the lien and a related motion for an expedited ruling on the lien issue.  (Pl.'s Mot. to Cancel Attorney's Lien [882] and Mot. for Expedited Hearing [883].) According to plaintiff, O'Donnell cannot assert an attorney's lien because (1) he never made a formal entry of appearance in the case and (2) he was employed as plaintiff's in-house counsel during the litigation.  (Pl.'s Mot. to Cancel Attorney's Lien [882] at 1-2.) In response to plaintiff's motion, O'Donnell has filed a motion to intervene under Rule 24 to pursue his lien, as well as a motion to seal certain documents submitted in support of the lien. (O'Donnell's Mot. to Intervene [885] and Mot. to Seal [892].)

Plaintiff does not oppose O'Donnell's motion to intervene. (Pl.'s Resp. to O'Donnell's Mot. to Intervene [907] at 1.) Moreover, intervention is generally recognized as an appropriate means of pursuing a lien on the proceeds of litigation in which an

10

attorney has participated.  *See* FED. R. CIV. P. 24(a)(2)(permitting intervention of right where a person "claims an interest relating to the property or transaction that is the subject of the action") and *Sweeney v. Athens Reg'l Med. Ctr.,* 917 F.2d 1560, 1565 (11th Cir. 1990)(intervention of right under Rule 24 is available to resolve a dispute concerning the proper allocation of settlement funds).  Accordingly, O'Donnell's motion to intervene [885] is **GRANTED**.

Likewise, plaintiff does not oppose O'Donnell's motion to seal documents submitted in support of his lien.  (Pl.'s Resp. to O'Donnell's Mot. to Seal [906].)  O'Donnell has filed his motion in an attempt to protect client confidences, including the details of two settlement agreements, while he pursues a lien claim that necessarily will involve disclosure of some client communications. (O'Donnell's Mot. to Seal [892].)  The confidentiality concerns are warranted, and apparently shared by plaintiff.  (Pl.'s Resp. to O'Donnell's Mot. to Seal [906].)  Accordingly, the Court **GRANTS as unopposed** O'Donnell's motion to seal [892].

As to the substantive issue, the Court rejects plaintiff's argument that O'Donnell's lien is invalid simply because he did not make a formal entry of appearance.  Georgia's lien statute does not expressly require an entry of appearance nor limit its application to attorneys of record.  *See* O.C.G.A. § 15-19-14.  Rather, the plain

11

language of the statute supports an attorney's right to assert a lien so long as he can prove that he incurred unpaid fees in connection with his services related to an "action[], judgment[], [or] decree[] for money." *Id.*

Based on the limited evidence that is presently available on the issue, the Court also rejects plaintiff's argument that O'Donnell's lien is invalid because he was plaintiff's in-house counsel. (Pl.'s Mot. to Cancel Lien [882] at 3.)  The Court agrees with the basic principle underlying plaintiff's argument: an in-house attorney cannot pursue a lien under O.C.G.A. § 15-19-14 for unpaid salary because the lien statute is intended to aid in the recovery of attorney's fees, not employee compensation. *See* O.C.G.A. § 15-19-14.  However, O'Donnell claims that he has not been an in-house employee of plaintiff since at least April 2010, and that he has incurred substantial fees in his work on the case between April 2010 and February 2011.  (O'Donnell's Mot. to Intervene [886] at 2-3.)  There is insufficient evidence in the record to make a definitive ruling as to O'Donnell's employment status after April 2010.  Accordingly, plaintiff's motion to cancel O'Donnell's lien [882] is **DENIED**, and plaintiff's related motion for an expedited ruling on the issue [883] is **DENIED as moot**.

For purposes of moving forward on the lien issue, O'Donnell has requested an order from the Court regarding various discovery

12

issues.  For example, he asks that plaintiff be required to provide him access to certain computer files and that he be granted permission to depose plaintiff's CEO Carlos Becerra concerning the terms of his employment.  (O'Donnell's Br. in Supp. of Mot. to Intervene [886] at 11.)  At this point, there is no need for any discovery-related order.  Plaintiff has indicated that it will not oppose O'Donnell's efforts to conduct reasonable discovery in accordance with the applicable rules.  (Pl.'s Resp. to Mot. to Intervene [907] at 8.)  Thus, to the extent any discovery is necessary, O'Donnell should utilize the normal channels available under the Federal Rules of Civil Procedure, including Rules 30 and 34 concerning depositions and the production of electronically stored information.  **The parties should make every effort to complete any necessary discovery without the Court's involvement**.

In addition to his discovery requests, O'Donnell indicates his understanding that the law firm of Garland, Samuel & Loeb, counsel for the Exarhos defendants, is holding $60,000 out of the agreed settlement due NAMS, which money represents the amount of O'Donnell's attorney's lien.  O'Donnell requests that this law firm be ordered to pay into the Court's registry this $60,000 of the Exarhos settlement, pending a ruling on the lien dispute. (O'Donnell's Mot. to Intervene [885] at 2.)

13

O'Donnell should make a formal motion to this effect, and the Garland firm may respond.  O'Donnell wishes to avoid the expense necessary in having the firm file a formal interpleader.  *See* FED. R. CIV. P. 22(a).  If the Garland firm has no objections to depositing the money into the registry, the Court will endeavor to handle this matter in the most cost-effective way possible.

### CONCLUSION

For the foregoing reasons, the Court **DENIES as moot** defendant Gibson's Motion for Extension of Time [859], **GRANTS** plaintiff's Motion for Sanctions Against Axiom [861], **DENIES** defendant Gibson's Motion to Seal and for Sanctions [868], **GRANTS as unopposed** plaintiff's Motion for Extension of Time [880], **DENIES** plaintiff's Motion to Cancel Attorney's Lien [882], **DENIES as moot** plaintiff's Motion to Expedite Hearing and Ruling [883], **GRANTS** attorney Richard O'Donnell's Motion to Intervene [885], **GRANTS** attorney Richard O'Donnell's Motion to Seal Declaration [892], and **DENIES** defendant Gibson's Motion to Disclose Settlement Documents [908].

SO ORDERED, this <u>19th</u> day of September, 2011.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF U.S. DISTRICT JUDGE